AUG 29 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JACK and HEIDI NEWBROUGH,
Administrators of the Estate of Guido
Newbrough, Deceased

Plaintiff,

v.

PIEDMONT REGIONAL JAIL
AUTHORITY, et al.,

Defendants.

Civil Action No.: 3:10-CV-867 (HEH)

## ORDER APPROVING WRONGFUL-DEATH SETTLEMENT

THIS day came Plaintiffs Jack and Heidi Newbrough, Co-Administrators of the Estate of Guido Newbrough, Deceased, in person and by counsel, and Defendant the Piedmont Regional Jail Authority, by counsel, and pursuant to Virginia Code § 8.01-55, upon Plaintiffs' motion for approval of wrongful-death settlement, and upon notice to the parties in interest, and following receipt and review of the Report of the Guardian *ad litem*, evidence and argument of counsel was heard.

In consideration whereof, it appearing to the Court that the matters agreed upon by the parties as set forth herein be and the same hereby are ratified, approved, and confirmed; specifically,

It appearing to the Court that:

1

1. All parties required by law to be convened are convened or are deemed convened by their signatures to this Order, either personally made or signed by their representative or guardian *ad litem*, or by written notice of the hearing.

2. On or about November 28, 2008, Guido Newbrough, an immigrant detainee who had been confined at the Piedmont Regional Jail in Farmville, Virginia, died of a bacterial staph infection.

3. On February 24, 2009, Plaintiffs Jack and Heidi Newbrough were appointed as Co-Administrators of the Estate of Guido Newbrough, Deceased.

4. Plaintiffs filed the above-captioned lawsuit in the U.S. District Court for the Eastern District of Virginia on November 29, 2010, asserting claims pursuant to 42 U.S.C. § 1983, as well as claims pursuant to Virginia's wrongful-death statute.

5. That while the Piedmont Regional Jail Authority is the named defendant, it is the intent of the parties and this Court FINDS that this settlement and order shall bind and inure to the benefit of the Piedmont Regional Jail Authority and the Piedmont Regional Jail Board, the entity which operates the Piedmont Regional Jail, notwithstanding that the Piedmont Regional Jail Board is not specifically named as a defendant.

6. The Decedent, Guido Newbrough, is survived by his parents, Jack and Heidi Newbrough, two adult children, Kristel Camden and Trenten Newbrough, one minor child, "SAL," and an estranged spouse, Marie Newbrough. Virginia Code § 8.01-53 provides that Kristel Camden, Trenten Newbrough, SAL and Marie Newbrough are his statutory beneficiaries.

7. Marie Newbrough has waived, in writing, any right or interest she may have to the settlement proceeds in the above-captioned lawsuit. Guardian *ad litem* Sarah A. Duckers,

Esq., was present to witness Ms. Newbrough sign the waiver affidavit, and determined that she did so willingly and had the capacity to knowingly consent to the terms of the parties' proposed compromise and was competent to sign the affidavit. Ms. Duckers' findings as Guardian *ad litem* are set forth in her Report of the Guardian *ad litem*, and fully considered by the Court.

8. Defendant expressed its intention to defend all claims asserted by Plaintiffs.

9. Nevertheless, without admitting liability, Defendant Piedmont Regional Jail Authority, as well as the Commonwealth of Virginia ("the Commonwealth"), and Plaintiffs Jack and Heidi Newbrough, Administrators of the Estate of Guido Newbrough, Deceased, have agreed to compromise this claim for the terms set forth more fully in the Disbursement Sheet attached hereto.

10. Plaintiffs Jack and Heidi Newbrough, Co-Administrators of the Estate of Guido Newbrough, Deceased, had authority to enter into this settlement on behalf of the Estate of Guido Newbrough, Deceased, consenting to the resolution of the claims as provided for in the Settlement Agreement and Release.

11. The settlement is fair and reasonable in light of all the circumstances, and is in the best interests of the statutory beneficiaries.

12. All funeral and burial expenses have been paid by the Plaintiffs who are entitled to reimbursement of $3,099.80, to be paid out of the settlement proceeds.

13. There are no medical liens.

14. It appearing to the Court that the Washington Lawyers' Committee for Civil Rights and Urban Affairs and the Legal Aid Justice Center have provided valuable legal assistance to the Plaintiffs in the prosecution of this matter, it is hereby ORDERED that

Washington Lawyers' Committee for Civil Rights and Urban Affairs and the Legal Aid Justice Center be awarded the fees set out in the attached Disbursement Sheet, which is in accordance with the contractual agreement between counsel and clients, and which sum will be paid out of the settlement proceeds in this matter; and

15. It further appearing to the Court that certain costs and reimbursable expenses have been incurred and advanced by Arnold & Porter in the amount of $69,891.78, it is hereby ORDERED that Arnold & Porter be reimbursed for costs advanced in the amount of $69,891.76, this sum to be paid out of the settlement proceeds in this matter; and

16. It further appearing to the Court that Guardian *ad litem* Dawn B. DeBoer, Esq., has incurred fees and expenses in the amount of $2,212.00 and that such fees and expenses are reasonable, it is hereby ORDERED that Dawn B. DeBoer, Esq. shall be paid the amount of $2,212.00, this sum to be paid out of the settlement proceeds in this matter;

17. It further appearing to the Court that Guardian *ad litem* Sarah A. Duckers, Esq., has incurred fees and expenses in the amount of $1,680.00 and that such fees and expenses are reasonable, it is hereby ORDERED that Sarah A. Duckers, Esq. shall be paid the amount of $1,672.00, this sum to be paid out of the settlement proceeds in this matter; and

18. It further appearing to the Court that the parties in interest in compensation of their loss have agreed to the allocation, Disbursement, and payment of the remaining proceeds herein in the amounts and to the individuals as described on the Disbursement Sheet, it is hereby ORDERED, ADJUDGED, AND DECREED that the proceeds of this settlement be paid as directed in the Disbursement Sheet.

19. In exchange for a full and final release of the Defendant and its agents, assigns, parents, subsidiaries, affiliates, insurers, successors, officers, directors and employees and their agents, at the request of the Plaintiffs, the Defendant has agreed, and is hereby ORDERED to tender payment in the amount set out in the Disbursement Sheet.

20. All sums set forth in the Disbursement Sheet constitute damages on account of personal physical injuries and physical sickness, within the meaning of Section 104 (a)(2) of the Internal Revenue Code of 1986, as amended. The entire payment is compensatory in nature to compensate each beneficiary for the loss of the Decedent; there being no finding warranting punitive damages, and none of these funds are in any way deemed to relate to any punitive claims that were brought or could have been brought against any defendant.

21. The settlement of this case, and the disbursement of the settlement proceeds as outlined above, have been approved by Dawn B. DeBoer, Esq. as Guardian *ad litem* for SAL, as well as by his mother and father, ML and NL. Ms. DeBoer's findings as Guardian *ad litem* are set forth in her Report of the Guardian *ad litem*, and fully considered by the Court.

It is ORDERED, that the attached Disbursement Sheet is incorporated into this Order.

Finding that tender of the settlement funds detailed in the Disbursement Sheet has been properly made and acknowledged, it is hereby ORDERED that the Piedmont Regional Jail Authority, the Piedmont Regional Jail Board and the Commonwealth of Virginia, their heirs, insurers, or reinsurers, their past, present and future owners, officers, directors, stockholders, attorneys, agents, servants, representatives, employees, independent contractors, subsidiaries, parent corporations, affiliated corporations, partners, predecessors and successors in interest, heirs, executors, administrators and assigns of them and any of them are released and fully

discharged from all liability for any and all claims, including any claim for attorneys fees, costs, and interest, which may or can be asserted against the Commonwealth of Virginia, against Piedmont Regional Jail Authority, Piedmont Regional Jail Board, or any other employees or independent contractors either now or in the past employed or retained by the Piedmont Regional Jail Authority or Piedmont Regional Jail Board.

It is ORDERED, that the terms of the Protective Order (Docket No. 76) entered on October 27, 2011, shall survive this Order.

It is ORDERED, that this case be removed from the Court's docket.

It is ORDERED, that the Clerk of the Court issue ~~certified~~ copies of this Order to all counsel forthwith.

ENTERED this 29th day of August, 2012.

/s/
Henry E. Hudson
United States District Court Judge

Date: Aug. 29, 2012
Richmond, VA

SEEN AND AGREED:

_____
John N. Nassikas, III, Esquire
Baruch Weiss, Esquire
Zachary Fayne, Esquire
ARNOLD & PORTER, LLP
555 Twelfth Street, NW
Washington, DC 20004-1206
Email: John.Nassikas@aporter.com
    *Counsel for Plaintiffs*


_____
Rosalie Pemberton Fessier, Esq.
TIMBERLAKE, SMITH, THOMAS & MOSES, P.C.
P.O. Box 108
Staunton, VA 24402-0108
Email: rfessier@tstm.com
    *Counsel for Defendant Piedmont Regional Jail Authority*


_____
Dawn B. DeBoer, Esquire
LOCKE PARTIN DEBOER & QUINN
4928 West Broad Street
P. O. Box 11708
Richmond, VA 23230
Email: DeBoer@lockepartin.com
    *Guardian ad litem for minor, "SAL"*

SEEN AND AGREED:


_____
John N. Nassikas, III, Esquire
Baruch Weiss, Esquire
Zachary Fayne, Esquire
ARNOLD & PORTER, LLP
555 Twelfth Street, NW
Washington, DC 20004-1206
Email: John.Nassikas@aporter.com
    *Counsel for Plaintiffs*


*[signature]*
Rosalie Pemberton Fessier, Esq.
TIMBERLAKE, SMITH, THOMAS & MOSES, P.C.
P.O. Box 108
Staunton, VA 24402-0108
Email: rfessier@tstm.com
    *Counsel for Defendant Piedmont Regional Jail Authority*


_____
Dawn B. DeBoer, Esquire
LOCKE PARTIN DEBOER & QUINN
4928 West Broad Street
P. O. Box 11708
Richmond, VA 23230
Email: DeBoer@lockepartin.com
    *Guardian ad litem for minor, "SAL"*

SEEN AND AGREED:

_____
John N. Nassikas, III, Esquire
Baruch Weiss, Esquire
Zachary Fayne, Esquire
ARNOLD & PORTER, LLP
555 Twelfth Street, NW
Washington, DC 20004-1206
Email: John.Nassikas@aporter.com
 *Counsel for Plaintiffs*


_____
Rosalie Pemberton Fessier, Esq.
TIMBERLAKE, SMITH, THOMAS & MOSES, P.C.
P.O. Box 108
Staunton, VA 24402-0108
Email: rfessier@tstm.com
 *Counsel for Defendant Piedmont Regional Jail Authority*

_____
Dawn B. DeBoer, Esquire
LOCKE PARTIN DEBOER & QUINN
4928 West Broad Street
P. O. Box 11708
Richmond, VA 23230
Email: DeBoer@lockepartin.com
 *Guardian ad litem for minor, "SAL"*

7

I have reviewed the Order for Approval of Wrongful-Death Settlement, including the attached Disbursement Sheet, and agree to its entry:

_____
Jack Newbrough


_____
Heidi Newbrough


_____
Kristel Camden


_____
Trenten Newbrough

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

JACK NEWBROUGH, Administrator of the
Estate of Guido Newbrough, Deceased

Plaintiff,

v.

Civil Action No.: 3:10-CV-867 (HEH)

PIEDMONT REGIONAL JAIL
AUTHORITY, et al.,

Defendants.

## DISBURSEMENT SHEET TO
## ORDER APPROVING WRONGFUL-DEATH SETTLEMENT

### Statutory Beneficiaries

**Kristel Camden**
14321 Orlando Rd.
Nokesville, VA 20181

**Trenten Newbrough**
633 Market Street
Port Royal, VA 22535

**SAL**
Mother: ML

### Disbursements

| | |
|---|---|
| **Gross Settlement:** | **$350,000** |
| Payable to statutory beneficiaries and Administrators of the Estate (distributions as to each are listed immediately below): | $160,616.44 |
|     Payable to Jack and Heidi Newbrough, Administrators of the Estate of Guido Newbrough, Deceased: | $40,154.11 |
|     Payable to Kristel Camden: | $40,154.11 |

| | |
|---|---|
| Payable to Trenten Newbrough: | $40,154.11 |
| Payable to the Newbrough Irrevocable Trust, f/b/o SAL : | $40,154.11 |

Guardian *ad litem* fee
Payable to Dawn B. DeBoer, Esq. .................................................. $2,212

Guardian *ad litem* fee
Payable to Sarah A. Duckers, Esq. .................................................. $1,680

Reimbursement of Funeral and Burial Expenses
Payable to Jack Newbrough: .......................................................... $3,099.80

Attorneys' Fees
Payable to the Washington Lawyers' Committee
for Civil Rights and Urban Affairs: ........................................ $100,000

Payable to the Legal Aid Justice Center: ........................................ $12,500

Reimbursement of Expenses Advanced by Counsel
Payable to Arnold & Porter: .......................................................... $69,891.76

### Payments shall be made in one check as follows:

Washington Lawyers' Committee for Civil Rights and Urban
Affairs, f/b/o Estate of Guido Newbrough, Deceased: ........... $350,000

### CERTIFICATION

This shall certify that the foregoing Disbursement Sheet is a true and exact copy of the Disbursement Sheet that is referred to in the Court's Order Approving Wrongful-Death Settlement.

Entered: Aus. 29, 2012

/s/
Henry E. Hudson
United States District Judge

-2-